O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| ANTONIO RUIZ, | ) | CASE NO. CV 10-06958 DSF (RZ) |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | ) | |
| Respondent. | ) | |

On January 3, 2012, the Magistrate Judge issued a Report recommending that the Court grant habeas relief on Petitioner's claim that the State failed to introduce sufficient evidence to support the jury's finding that Petitioner personally inflicted great bodily injury.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Respondent filed objections.

In its objections, Respondent urges the Court to reject the Magistrate Judge's recommendation because, in Respondent's view, the Magistrate Judge failed to accord the California Court of Appeal's interpretation of state law the deference to which it is entitled. To be sure, "a state court's interpretation of state law, including one announced on direct

appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005) (*per curiam*) (federal circuit court erred in rejecting state court's interpretation of whether, under state law, doctrine of transferred intent applied to aggravated felony murder).

Here, however, the Magistrate Judge did not challenge any aspect of the Court of Appeal's interpretation of state law. And, Respondent cites no point of state law on which the Court of Appeal and the Magistrate Judge differ. Rather, Respondent attempts to conflate the legal standard – on which the state court's interpretation is controlling – and the analysis of whether the evidence was sufficient to meet that standard – on which the state court's finding is subject to *Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)*,* and the accompanying deferential requirement of the AEDPA. *See Smith v. Mitchell*, 624 F.3d 1235, 1239 (9th Cir. 2010) (observing that AEDPA combined with *Jackson* standard requires "double layer of deference"). By conflating these two distinct concepts, Respondent essentially argues that a state court's finding that the evidence at trial satisfies the state's legal standard is, in and of itself, an interpretation of state law. This argument, however, cannot be correct because it would nullify the Supreme Court's holding in *Jackson*. Indeed, if the Court accepts Respondent's argument, federal habeas review regarding sufficiency of the evidence claims would no longer exist. As *Jackson's* holding necessarily precludes such an outcome, Petitioner's argument must fail.

Respondent relies on *Mendez v. Small*, 298 F.3d 1154 (9th Cir. 2002), but that case does not support its position. There, the Ninth Circuit addressed a sufficiency of the evidence challenge regarding whether the petitioner had violated California's sex offender registration statute, which required sex offenders to register formally any change in address. *Id.* at 1155. The petitioner argued that he had complied with the sex offender registration statute by providing law enforcement with his current address, despite his failure to register formally the fact that he had changed his address. *Id*. at 1157. On direct review, the California Court of Appeal held that the statute required offenders to provide

1 adequate notice of a change in address and that simply stating one's current address was
2 insufficient to comply with the statute's requirements. *Id.* On habeas review, the Ninth
3 Circuit denied relief, noting that it was "bound by the California Court of Appeal's
4 interpretation of what [the statute] requires of a registrant with regard to giving his notice
5 of a change of address." *Id.* at 1158.

6       Here, the state Court of Appeal offered no analogous interpretation of state
7 law. It did not, for example, interpret the state's law regarding personal infliction of bodily
8 injury enhancements to mean that the enhancement is properly applied when the defendant
9 merely aids and abets another in inflicting bodily injury on a third person. On the contrary,
10 the Court of Appeal relied on the California Supreme Court's opinion in *People v. Modiri*,
11 39 Cal. 4th 481, 495, 46 Cal. Rptr. 3d 762, 139 P.2d 136 (2006), which explicitly states
12 that a "defendant personally inflicts great bodily injury harm only if there is a direct
13 physical link between his own act and the victim's injury." 39 Cal. 4th at 495; *see id.* at
14 494 (personal infliction enhancement proper in group beating context only if defendant's
15 role in "both" physical attack and infliction of great bodily injury is more than "minor,
16 trivial, and insubstantial").

17       Had the Court of Appeal interpreted *Modiri* to mean that aiding and abetting
18 alone is sufficient to support a personal infliction enhancement, the Magistrate Judge, like
19 the Ninth Circuit in *Mendez*, would have been bound by that interpretation. But the Court
20 of Appeal did not interpret *Modiri* in that manner. Consequently, the Magistrate Judge, in
21 applying the standard set forth in *Modiri*, could not have failed to defer to the Court of
22 Appeal's interpretation of state law.

23       Nor is there any dispute about the facts. The Court of Appeal's opinion
24 distinguishes Ruiz's conduct from that of his co-defendants. "Ruiz reached over Perez
25 with something white resembling a trash can liner stretched taut between his hands and
26 pulled back, pinning Perez's arms to his sides. . . . [Hernandez] saw Ruiz holding Perez
27 while Aguilar and Romero were 'slicing [Perez].'" (Lodged Doc. #9 at 6 (second alteration
28

1  in original).) But in upholding the enhancement as to Ruiz, the Court of Appeal stated
2  only: "Finally, for the same reasons we rejected Romero's contention the evidence was
3  insufficient to support a great bodily injury finding, we reject Ruiz's challenge to the
4  sufficiency as well." Id.  In short, the Magistrate Judge analyzed the sufficiency of this
5  evidence by applying the legal standard set forth in the Court of Appeal's opinion and in
6  *Modiri*. (*See*, *e.g.*, Report and Recommendation at 9-13.) Having deferred to the Court of
7  Appeal regarding the proper legal standard for analyzing a personal infliction enhancement,
8  the Magistrate Judge measured the evidence against that standard. And, so measured, even
9  under the doubly deferential standard on habeas review, *Jackson* has been violated.

The Court therefore accepts the findings and recommendations of the Magistrate Judge.

DATED: 5/4/12

                                         DALE S. FISCHER
                                         UNITED STATES DISTRICT JUDGE